IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:05cr102-T |
| | ) | WO |
| SAM TURNER | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on defendant Turner's motion to suppress filed January 5, 2006 (Doc. # 39). The court's arraignment order, entered on September 9, 2005 (Doc. #12), provides that all pretrial motions must be filed no later than two days before the first pretrial conference held in this case. The order further states that "[n]o motion filed after this date will be considered unless filed with leave of court. A continuance of the pretrial conference or trial does not extend the motions deadline."

The arraignment order set the first pretrial conference in this case for October 17, 2005. Turner did not file any motion prior to this date.[1] Instead, he filed his motion to suppress on January 5, 2006, more than 11 weeks after the motion deadline expired; two days *after* the second pretrial conference, which the court held on January 3, 2006; and less than three weeks prior to the beginning of the January 23, 2006 term on which this case is set for trial.

"The district court has the authority to establish a schedule of deadlines for defendants to file motions and requests prior to trial under Rule 12(c) of the Federal Rules of Criminal

---

[1] Counsel for Turner did not attend the October 17, 2005 pretrial conference. See Docs. #22, 23 (Noting counsel's absence from the pretrial conference).

Procedure." United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990). "By failing to file his motion within the deadlines set by the court a defendant waives his right to assert this motion." Id. (citing Fed.R.Crim.P. 12(f)); see also United States v. Ramirez, 324 F.3d 1225, 1227 (11th Cir 2003). "The court may grant relief from such a waiver upon a showing of cause." Id.

In this case, defendant has not filed a motion to file his suppression motion out of time, nor has he shown cause for the late filing. Under these circumstances, it is the RECOMMENDATION of the Magistrate Judge that the motion to suppress (Doc. # 39) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before January 18, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 11th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE